IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARGUERITE LATETE
KILPATRICK,

        Plaintiff,

        v.

MONTGOMERY COUNTY
SHERIFF'S OFFICE, et al.,

        Defendants.

:

:

:

:

Case No. 3:26-cv-58

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF (DOC. #2) AND OVERRULING PLAINTIFF'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS (DOC. #3)

---

This case is before the Court on Plaintiff Marguerite Latete Kilpatrick's ("Plaintiff") Motion for Damages, Declaratory Relief, and Injunctive Relief, Doc. #2, and Emergency Motion to Enforce Automatic Stay and for Sanctions. Doc. #3.

As for Plaintiff's Motion for Damages, Declaratory Relief, and Injunctive Relief, the document which she filed appears to act as an addendum or amendment to the Complaint. In fact, the motion includes sections which purport to identify the basis of the Court's jurisdiction, the parties, factual allegations, three separate counts upon which she brings the case, and an identification of the relief which she requests. Doc. #2, PageID #8–11. Because the substance of the motion appears to

constitute an amendment to the Complaint, rather than a motion, the Court will regard it as such. The Court will OVERRULE said motion, but will consider the substance of the filing along with the initial Complaint during the pendency of this case.

The Court turns now to Plaintiff's Emergency Motion to Enforce Automatic Stay and for Sanctions. Doc. #3. In this motion, Plaintiff argues that she has an active bankruptcy case and is entitled to a stay under 11 U.S.C. § 362(a). Further, she argues that this stay must apply to Defendants Lakeview Loan Servicing, LLC and the Montgomery County Sheriff's Office. She brings this motion in an emergency fashion because she has been issued a Notice to Vacate a property located at 108 Barnside Drive, Englewood, Ohio, by March 12, 2026.

Certainly, 11 U.S.C. §362 provides a stay to parties who have an active bankruptcy case underway, but that protection ends once the case has been closed. *See Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015) ("Dismissal lifts the automatic stay entered at the start of bankruptcy, exposing the debtor to creditors' legal actions and collection efforts. And it can limit the availability of an automatic stay in a subsequent bankruptcy case.")

Notably, Plaintiff does not provide any details on the bankruptcy case under which she claims entitlement to a stay. A review of the bankruptcy court's records indicates that Plaintiff has been involved with three bankruptcy cases in the

2

Southern District of Ohio in the past two years. *See in re: Marguerite Latete Kilpatrick*, 3:24-bk-31698 (Bankr. S.D. Ohio); *in re: Marguerite Latete Kilpatrick*, 3:24-bk-32461 (Bankr. S.D. Ohio); *in re: Marguerite Latete Kilpatrick*, 3:25-bk-30619 (Bankr. S.D. Ohio). However, all of these cases are closed, as the bankruptcy court recently noted on February 10, 2026. *in re: Marguerite Latete Kilpatrick*, 3:25-bk-30619, Doc. #98 ("Her bankruptcy case is still dismissed, and she is still barred from filing another bankruptcy.").

Because Plaintiff has not identified a pending bankruptcy case upon which she premises her entitlement to a stay under 11 U.S.C. § 362, the Court will not enter a stay, award damages, or provide any other relief requested in the motion. The Emergency Motion to Enforce Automatic Stay and for Sanctions, Doc. #3, is OVERRULED.

Date: February 23, 2026

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

3